**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| JANELLE L. SCOTT, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES | ) |
| LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiff, JANELLE L. SCOTT ("Plaintiff"), by her attorneys, KIMMEL *&* SILVERMAN, P.C., alleges the following against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

**INTRODUCTION**

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.      Defendant conducts business in the State of Maryland, therefore personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

1

PLAINTIFF'S COMPLAINT

**PARTIES**

5.     Plaintiff is a natural person, who resides in Owings Mills, Maryland.

6.     Defendant is a debt collection company, which maintains its headquarters at 120 Corporate Blvd., Norfolk, VA 23502.

7.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

8.     Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9.     At all relevant times, Defendant attempted to collect an alleged consumer debt from Plaintiff, related to a store credit card.

10.     The alleged debt arose out of transactions that were for personal, family or household purposes.

11.     Further, as Plaintiff has no business debt, the debt sought by Defendant could have only been personal in nature.

12.     Throughout March 2012, Defendant placed continuous harassing telephone calls to Plaintiff's home, cellular, and work telephones.

13.     Defendant's collectors called Plaintiff multiple times in a given day.

14.     Upon information and belief, when contacting Plaintiff, Defendant used an automatic telephone dialing system or pre-recorded or artificial voice.

15.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

PLAINTIFF'S COMPLAINT

16.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

17.     During these calls Defendant has misrepresented the amount of debt that Plaintiff owed.  For example, Defendant's collector, "Jonathan," stated that Plaintiff owed $4,700.00, when the account balance was only $2,300.00.

18.     Defendant's collectors have been rude and aggressive with Plaintiff during these calls.

19.     During one telephone conversation, Defendant's collectors scolded Plaintiff and told her she "should be ashamed of herself" for not paying her debts.

20.     Defendant's collectors called Plaintiff on her work phone multiple times, despite being provided notice that it was inconvenient to call her at that number and not to do so. Defendant ignored Plaintiff's request and kept calling her at work.

21.     Defendant's continued calls to work, after notice not to do so, could only have been placed with the intent to harass Plaintiff as there was no other purpose for doing so, especially when the content of calls remained the same.

22.     Defendant's collectors have also contacted third parties after having spoken with Plaintiff. Specifically, Defendant called Plaintiff's sister, placing messages on voicemail threatening that Plaintiff's failure to pay would result in Plaintiff's debt being reported to all three credit bureaus.  Defendant's collector did not even make it appear that the call was being made to obtain location/contact information of Plaintiff.

23.     In calls to Plaintiff, Defendant's collectors used deception, for example telling her that the collector worked for an attorney and that Plaintiff's file had been "selected for review"

3

PLAINTIFF'S COMPLAINT

1    when in fact, it is averred that there was no "selection" process at all, and the collector was not

2    employed by a law firm or attorney.

3        24.    Defendant's collectors also told Plaintiff that "the courts will take care" of her,

4    inferring that a legal action was filed or would shortly be filed.

5        25.    In a subsequent call, a female collector referred to legal proceedings for non-

6    payment of the debt.  Despite these threats, Defendant has yet to file legal action regarding the

7    subject debt.

8        26.    Defendant acted with intent to intimidate, deceive, annoy, harass, and coerce

9    payment.

10

11

12    **COUNT I**
      **DEFENDANT VIOLATED §1962c(a)(3) OF THE**
      **FAIR DEBT COLLECTION PRACTICES ACT**

13

14        27.    Section 1692c(a)(3) of the FDCPA states that a debt collector may not

15    communicate with a consumer in connection with the collection of a debt at the consumer's

16    place of employment if the debt collector knows or has reason to know that such communication

17    is prohibited.

18        28.    Defendant violated section 1692c(a)(3) of the FDCPA when it contacted Plaintiff

19    at work after Plaintiff told it to stop calling her.

20

21    **COUNT II**
      **DEFENDANT VIOLATED THE § 1692c(b) OF**
      **FAIR DEBT COLLECTION PRACTICES ACT**

22

23        29.    Section 1692c(b) of the FDCPA states that a debt collector shall not state that a

24    consumer owes a debt to a third party except for reasons expressly given under § 1692(b)

25    without the prior consent of the consumer.

4

30.     Defendant violated § 1692c(b) of the FDCPA when it left a message on Plaintiff's sister's phone discussing the subject debt without Plaintiff's consent.

## COUNT III
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31.   Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

32.   Defendant violated § 1692d of the FDCPA when it harassed Plaintiff by calling repeatedly and continuously, by being rude and aggressive with Plaintiff on the telephone, by telling Plaintiff that she should be ashamed of herself for not paying her alleged debts, when it told Plaintiff that the courts will "take care" of her, when it continued to contact Plaintiff at work after she told it to stop calling her, by calling Plaintiff's sister in relation to the subject debt, and when it engaged in other harassing or abusive conduct.

## COUNT IV
## DEFENDANT VIOLATED 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33.   Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

34.     Defendant violated section 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

5

1

2

### COUNT V
### DEFENDANT VIOLATED § 1692e OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

3

4

35.     Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive

or misleading representation or means in connection with the collection of any debt.

5

6

36.      Defendant violated §1692e of the FDCPA when its collectors told Plaintiff that

they worked for an attorney, when it told Plaintiff that she would have legal proceedings filed

7

8

against her when it had no intent of doing so, when it misrepresented the amount Plaintiff owed,

and by using other deceptive or misleading conduct.

9

10

### COUNT VI
### DEFENDANT VIOLATED 1692e(2)(A) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

11

12

37.     Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making the false

13

representation of the character, amount, or legal status of any debt.

14

38.      Defendant violated § 1692e(2)(A) when it misrepresented Plaintiff's debt as

15

$4,700.00, when the actual debt was $2,300.00.

16

17

### COUNT VII
### DEFENDANT VIOLATED 1692e(3) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

18

19

39.     Section 1692e(3) of the FDCPA prohibits debt collectors from making the false

20

representation that any communication is from an attorney.

21

40.     Defendant violated section 1692e(3) when its collectors told Plaintiff that they

22

were calling for an attorney.

23

24

25

6

**COUNT VIII**
**DEFENDANT VIOLATED 1692e(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

41.     Section 1692e(5) of the FDCPA prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

42.     Defendant violated § 1692e(5) of the FDCPA when it threatened to bring a lawsuit against Plaintiff when it had no intention of bringing such an action.

**COUNT IX**
**DEFENDANT VIOLATED 1692e(7) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

43.     Section 1692e(7) of the FDCPA prohibits debt collectors from making the false representation that a consumer committed any crime of other conduct in order to disgrace the consumer.

44.     Defendant violated section 1692e(7) when it told Plaintiff that she should be ashamed of herself for not paying the subject debt.

**COUNT X**
**DEFENDANT VIOLATED 1692e(10) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

45.     Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

46.     Defendant violated §1692e(10) of the FDCPA when its collectors told Plaintiff that they worked for an attorney, when it told Plaintiff that she would have legal proceedings filed against her when it had no intent of doing so, when it misrepresented the amount Plaintiff owed, and when it made other false, deceptive or misleading representations.

PLAINTIFF'S COMPLAINT

**COUNT XI**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

47.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

48.     Defendant violated §1692f of the FDCPA when it harassed Plaintiff by calling Plaintiff repeatedly and continuously, by being rude and aggressive with Plaintiff on the telephone, by telling Plaintiff that she should be ashamed of herself for not paying her alleged debts, when it told Plaintiff that the courts will "take care" of her, when it continued to contact Plaintiff at work after she told it to stop calling her, by calling Plaintiff's sister in relation to the subject debt, and when it engaged in other unfair or unconscionable conduct.

**COUNT XII**
**DEFENDANTS VIOLATED § 14-202 OF THE**
**MARYLAND CONSUMER DEBT COLLECTION ACT**

49.     Section 14-202 of the Maryland Consumer Debt Collection Act prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

50.     Defendant violated § 14-202 of the Maryland Consumer Debt Collection Act when it harassed Plaintiff by calling Plaintiff repeatedly and continuously, by being rude and aggressive with Plaintiff on the telephone, by telling Plaintiff that she should be ashamed of herself for not paying her alleged debts, when it told Plaintiff that the courts will "take care" of her, when it continued to contact Plaintiff at work after she told it to stop calling her, by calling Plaintiff's sister in relation to the subject debt, and when it otherwise violated the Maryland Consumer Debt Collection Act.

PLAINTIFF'S COMPLAINT

### COUNT XIII
### DEFENDANT VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

52.     Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

53.     Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive \$500 in damages for each such violation, whichever is greater."

54.     Despite the fact that Plaintiff never consented to Defendant making calls to her cellular telephone, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

55.     The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

56.     Here, upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a pre-recorded or artificial voice.

57.     Defendant called Plaintiff on her cellular telephone dozens of times.

58.     Defendant did not have Plaintiff's express consent prior to contacting her on her cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

59.     Defendant's conduct violated §227(b)(1)(A) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

9

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, JANELLE L. SCOTT, respectfully prays for a judgment as follows:

        a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and MD Code § 14-203;

        b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

        b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

        c.    Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

        d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JANELLE L. SCOTT, demands a jury trial in this case.

DATED:  03/06/13                By: /s/ Amy L. Bennecoff

                                  Amy L. Bennecoff
                                  Kimmel & Silverman, P.C
                                  Bar ID No. 29950
                                  30 East Butler Pike
                                  Ambler, PA 19002
                                  Telephone: (215) 540-8888
                                  Facsimile (215) 540-8817
                                  Email: abennecoff@creditlaw.com
                                  Attorney for Plaintiff

PLAINTIFF'S COMPLAINT